This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Village of Gloria Glens Park ("Village"), has appealed from a ruling of the Medina Court of Common Pleas, denying its request for declaratory judgment and injunctive relief. This Court affirms.
 I.
Appellee, Geringer Homes, Inc. ("Geringer"), applied to the Village for permission to construct a single family residence in the Village. Geringer was issued two permits by the Village, a Zoning Permit and a Special Flood Hazard Area Development Permit.
The Village claimed that Geringer violated the terms of its permits by distributing dirt around the dwelling that it had constructed. The dirt had been excavated from the site in preparation for construction. The section of the development permit dealing with fill was not checked when the mayor of the Village signed it. The Village argued that the fact that the permit did not allow fill to be added to the site prohibited Geringer from raising the grading of the property more than one (1) foot per twenty-five (25) feet of feet of distance from existing pavement without special approval. In September 1999, Geringer received a stop work order from the Village prohibiting Geringer from any further "dredging and filling activities," at the site of the new residence.
The Village sued for declaratory judgment and injunctive relief in the Medina Court of Common Pleas, and joined as a defendant Mark A. Farnsworth, the new owner of the residence.
The case was tried without a jury, and the court entered judgment in favor of Geringer and Farnsworth. The trial court held that Geringer did not use any fill and therefore, did not violate its permits.
The Village timely appealed to this Court, and has set forth three assignments of error for our review.
 II. FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING THAT NO MATERIAL USED AS FILL WAS BROUGHT INTO THE CONSTRUCTION SITE OF DEFENDANT-APPELLEES, IN VIOLATION OF THE PERMIT GRANTED TO THEM BY THE PLAINTIFF-APPELLANT VILLAGE; SAID FINDING IS CONTRARY TO UNCONTROVERTED AND UNDISPUTED EVIDENCE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THIS CASE.
The Village has argued that the trial court's finding that no material used as fill was brought onto Geringer's construction site was against the manifest weight of the evidence. This Court disagrees.
This Court set out the standard for review of such an attack on a lower court's factual determinations in Structural Grouting Systems, Inc. v.Precision Wood Designs, Inc. et al. (Feb. 28, 2001), Medina App. No. 3086-M, unreported.
When the manifest weight of the evidence is challenged, "an appellate court conducts the same manifest weight analysis in both criminal and civil cases." Ray v. Vansickle (Oct 14, 1998), Lorain App. Nos. 97CA006897/97CA006907, unreported:
 "The [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered."
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. Moreover, "every reasonable presumption must be made in favor of the judgment and the findings of facts [of the trial court]." Karches v. Cincinnati (1988),38 Ohio St.3d 12, 19. Furthermore, "if the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the trial court's verdict and judgment." Id.
The record shows that the term "fill," which appeared in the permit issued to Geringer by the Village, is susceptible of more than one interpretation. The Village has argued that "fill" is any excess dirt that is created by excavation for construction. Geringer has argued that "fill" is dirt that is brought in from an area other than the construction site. Geringer has argued that dirt that is removed from and then used at the same site is "backfill," not "fill."
Given the fact that the term "fill" is susceptible to more than one interpretation, this Court must give it the interpretation that is consistent with the judgment and verdict. Karches v. Cincinnati (1988),38 Ohio St.3d 12, 19. Therefore, this Court finds that the term "fill" in the permit referred to dirt brought in from a site other than the construction site. Geringer only used dirt that it excavated from the site while constructing the basement and footers. Therefore, this Court finds that the trial court did not abuse its discretion in finding that the term "fill" did not refer to dirt removed from and subsequently used at the same construction site. The Village's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT FAILED TO RULE ON THE CLAIM OF PLAINTIFF-APPELANT AND TO FIND THAT THE GRADING ON THE CONSTRUCTION SITE OF DEFENDANT-APPELLEES VIOLATED [ARTICLE 3,] SECTION 306(F) OF THE VILLAGE ZONING ORDINANCE WHICH ONLY ALLOWS THE GRADE OF ONE (1) FOOT FOR TWENTY-FIVE (25) FEET OF DISTANCE FROM EXISTING PAVEMENT WITHOUT SPECIAL APPROVAL, COMPETENT EVIDENCE OF WHICH WAS ADDUCED AND UNDISPUTED.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN FAILING TO RULE ON THE CLAIM OF PLAINTIFF-APPELLANT AND TO FIND THAT DEFENDANT-APPELLEES, IN THEIR CONSTRUCTION PROJECT, VIOLATED THE CONDITIONS OF THEIR PERMITS WHICH PROHIBITED ALTERING THE PRE-EXISTING GRADE OF THE LOTS ON WHICH THE CONSTRUCTION PROJECT WAS LOCATED, COMPETENT EVIDENCE OF WHICH WAS ADDUCED AND UNDISPUTED.
The Village's second and third assignments of error are discussed together as they both address the issue of grading.
The Village has argued that the trial court failed to rule on its claims that: (1) The grading on Geringer's construction site violated Section 306(F) of the Village zoning ordinance; and (2) Geringer violated the conditions of its permits which prohibited altering the pre-existing grade of the lots on which the construction project was located. However, a careful review of the record shows that the trial court did address the issue of grading. In its decision, the trial court stated:
 Plaintiff's Complaint for Declaratory Judgment stating that the Defendants are prohibited from adding fill and banking earth higher than the pre-existing grade of the lots under construction under the Village of Gloria Glens Park Ordinance Number 1996-003 and the Special Flood Hazard Area Development Permit granted under that Ordinance on April 5, 1999[,] is DENIED.
No request pursuant to Civ.R. 52 for findings of fact and conclusions of law was made by the Village in the case sub judice. In the absence of such a request, a judgment entry may be set forth in general terms. Civ.R. 52.
The Village has argued that the grading on Geringer's construction site violated Section 306(F) of the Village zoning ordinance. The Village asserted that the zoning ordinance permitted finished lots to have a grade of no more of one (1) foot for twenty-five (25) feet of distance from existing pavement without special approval. This Court disagrees. A careful reading of this section reveals a contrary meaning. Article 3, Section 306(F) states:
 Grading and Seeding — * * * In the case of a grade of greater than one (1) foot for twenty-five (25) feet of distance from existing pavement, a suitable drain shall be provided, subject to approval by the proper Village authority.
 This section requires that any grading of greater than one (1) foot for twenty-five feet of distance from existing pavement include a suitable drain, and that the drain must be approved by the proper Village authority. It does not require one to obtain prior approval before increasing the grade greater than one (1) foot for twenty-five (25) feet of distance from existing pavement.
The Village has argued that because the development permit did not allow the use of fill at Geringer's construction site, Geringer was prohibited from increasing the grade of the property. To support its argument, the Village offered the testimony of Village council members who testified that they made it clear to Gary Geringer, president of Geringer, that no alteration in the grade of the two lots would be allowed.
Gary Geringer and his wife both testified that they were never advised that an increase in the grade of the lots was not allowed. The Geringers also testified that a Topographic Survey Lot Improvement Plan was attached to Geringer's application for the permits which showed both the existing grades of the property and the proposed grades after construction. Therefore, the council was aware or should have been aware that Geringer's proposed plan would alter the grade of the property, and it issued Geringer a permit nonetheless.
The Village council members testified that they expected Geringer to maintain the grade of the lots at the elevation prior to the commencement of the construction, even though the plans that they received from Geringer included the proposed increases in the grading. The record contains no other evidence such as minutes of the council meetings or resolutions adopted by the council regarding this matter. Essentially, this issue came down to evaluating the credibility of the witnesses.
It is fundamental that the weight of the evidence and credibility of witnesses are primarily for the trier of fact. Bender v. Bender (July 18, 2001), Summit App. No. 20157, unreported, citing State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Whether or not there were any verbal restrictions placed on the permits at issue is a matter for the trial court to determine by assessing the credibility of the witnesses. It was within the trial court's purview to believe that the council did not inform Gary Geringer that his construction of the dwelling could not result in a change in the grade of the property. Accordingly, the trial court did not err in finding that Geringer's construction did not violate either of the permits it was issued.
The Village's second and third assignments of error are overruled.
 III.
Having overruled all three of the Village's assignments of error, the judgment of the Medina Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 __________________________ DONNA J. CARR
BAIRD, P.J., WHITMORE, J. CONCUR.